Dear Representative Flavin:
You have requested an opinion of this office on behalf of the Lake Charles Harbor Terminal District (District) regarding the methods by which the District can dispose of surplus movable property, more specifically surplus alcoholic beverages. You inquire as to whether the District can dispose of the surplus property in accordance with the provisions of its statutory authority notwithstanding other state statutory provisions regulating the sale of alcohol.
The Lake Charles Harbor Terminal District constitutes a political subdivision of the state pursuant to Article VI, Section 43 and 44(2) of the 1974 Louisiana Constitution. As a political subdivision, it possesses those powers conferred by our state constitution and laws. R.S. 34:201 created the Lake Charles Harbor Terminal District as a political subdivision of the state. Pursuant to R.S. 34:202 the governing authority of the Lake Charles Harbor Terminal District consists of a board of commissioners known as the Board of Commissioners of the Lake Charles Harbor and Terminal District (Board) whose appointment is subject to confirmation by the Louisiana Senate. The board falls within the category of a state "commission" as defined by R.S. 39:321(A).
LSA R.S. 34:203.1 grants the following power to the Board of Commissioners of the District for the disposal of property the Board deems no longer needed for public purposes:
 A. (1)(a) The board may sell by written public bid to the highest bidder any property, or portion thereof, including immovable property, which in the opinion of the board is not needed for public purposes.
 (2) Notice of the proposed sale, including advertisement for bids and the minimum price and terms of the sale shall be advertised in a daily newspaper which is published within the limit of the Lake Charles Harbor and Terminal District and in any other paper or papers that may be selected by the board. The advertisement shall be published three times within ten days, the last advertisement to appear at least ten days before the day that bids will be received.
 (3) If, after the advertisement for bids, there are no bids received or the bids received are unreasonably low, as determined by a two — thirds vote of the voting members present, then the board may negotiate the sale of such property at fair market value to be agreed upon by majority vote of the voting members present. In no instance may the property be transferred by donation or sold for less than the highest bid, if unreasonably low bids were received.
By the language of R.S. 34:203.1, it is evident that the Legislature intended to give the Board of Commissioners full control over the disposal of its surplus property. The grant of authority to the Board of Commissioners to dispose of property, including a specific method of disposition, allows for the disposition of surplus movable property by the District without any additional approval or statutory action. The sale procedure closely follows that required of other state agencies and political subdivisions in the disposition of surplus movable property. See LSA-R.S. 39:330B and R.S. 49:125.
Pursuant to this specific statutory authority the Board declared the alcohol beverages surplus property and following the above described procedure solicited bids subject to a minimum reserve price. Three bids were received but none meet or exceeded the minimum bid reserve. Pursuant to R.S. 34:201.1(A)(3) the District desired to award the bid to the highest bidder. However, subsequent to the advertisement and receipt of bids, the Louisiana Alcohol Beverage Control Commission (ABC) advised the District that pursuant to R.S. 26.71A the District may not sell the alcohol to a commercial establishment without first obtaining a license. R.S. 26:71A provides that a permit is required before any person may engage in the business of dealing in alcoholic beverages. The ABC Board also advised the District that returning the alcohol to the original retailer for a cash refund or use of a Cooperative Intergovernmental Agreement with the City of Lake Charles, licensed by the ABC to regularly sell alcohol at Civic Center events, may also constitute a violation of the state laws regulating the sale and resale of alcohol. The ABC Board would however approve the sell of surplus alcohol to a private person for personal consumption.
The action of the Board in exercising its statutory powers to dispose of its surplus property does not constitute an action that would be characterized as engaging in the business of dealing in alcoholic beverages such that the licensing requirements of R.S. 26:71A are applicable prior to the return of the surplus beverages to the original retailer for a cash refund or for any sell whether to an individual or to a validly licensed business establishment. The Board is clearly not in the business of buying and selling alcohol for commercial purposes. As such it is the opinion of our office that the Board may return the surplus beverages to the original retailer for a cash refund or it may exercise its special statutory authority set forth in R.S. 34:201.1 to dispose of and sell surplus alcoholic beverages and per the bid process set forth therein award the bid to the highest bidder whether the bidder is licensed or not to sell alcohol at the retail level. However, the Board must comply with Article VII, Section 14 of the Louisiana Constitution of 1974 which prohibits the donation of property or other things of value of any political subdivision. The District should make sure that the awarded bid price is commensurate with the value of the property sold.
The Board may also sell the surplus movable property to another public entity through an intergovernmental governmental agreement as provided by R.S. 33:1321 et seq., the "Local Services Law". These statutes provide for the purchase of surplus materials and supplies by one public entity from another without the other public entity going through a public bid process. Pursuant to R.S. 33:1324 such a sale may be conducted without going through the public auction or public bid process. The transfer must be for a price that is commensurate to the value of the surplus property.
As a state agency, the District also has the option to dispose of its surplus movable property by public auction in accordance with R.S. 49:125
and 39:330.1. This reasoning is consistent with Attorney General's Opinion No. 79-1222 which states that surplus movable property of the state, or of any board, commission, agency or department of the state can be sold to private parties through the Division of Administration pursuant to R.S. 39:330.1 or, with written consent of the Commissioner of Administration, a State Agency may act under the provisions of R.S. 49:125
allowing the sale of surplus property at public auction after appropriate advertisement.
It is therefore the opinion of our office that the Lake Charles Harbor Terminal District may dispose of its surplus movable property within the special statutory authority establishing the District and specifically the powers granted the District in R.S. 34:203.1. In addition the District may dispose of its surplus movable property through an Intergovernmental Cooperative Agreement with the City of Lake Charles or the Board may chose to conduct a public auction pursuant to R.S. 49:125
and 39:330B.
If you have any questions or comments, please do not hesitate to contact our office.
With kindest regards,
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ RICHARD L. MCGIMSEY Assistant Attorney General
RPI/RLM/dam